IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>　　　　Plaintiff,<br>vs.<br><br>LAWRENCE HILL,<br>　　　　Defendant. | )<br>)<br>)　　No. 3:20-CV-1391-M-BH<br>)<br>)<br>)　　Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Amended Notice of Removal, Trial De Novo*, filed June 16, 2020 (doc. 16). Based on the relevant filings and applicable law, this case should be **REMANDED** to the state court *sua sponte*, and additional sanctions should be imposed on the defendant for repeatedly filing frivolous lawsuits.

**I. BACKGROUND**

On May 29, 2020, Lawrence Hill (Defendant) filed a notice to remove four state criminal cases against him to federal district court for the Northern District of Texas, Dallas Division. (doc. 3.) By order dated June 11, 2020, Defendant was notified that the notice of removal was deficient, and he was ordered to file an amended notice of removal that complied with the requirements of 28 U.S.C. § 1455 for the removal of criminal actions. (doc. 11.) On June 16, 2020, Defendant filed an amended notice of removal, alleging the following as grounds for removal:

> [I] have a conflict that arises under the written constitution. [D]efendant removes due to a conflict that arises under the written constitution for a violation of civilian due process protections. [M]y complaint is addressed specifically to the justice sitting in chambers and requires immediate special particular relief only authorized by the justice.

(doc. 16 at 1.) It states that he seeks to remove criminal actions from the 195th District Court of

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

Dallas County, Texas. *See State of Texas v. Hill,* Nos. F1514841N, F1500455N, F1500456N, F1500732N. (*Id.*)

## II.  REMOVAL OF CRIMINAL PROSECUTIONS

Section 1443 of Title 28 authorizes the removal of any of the following civil actions or criminal prosecutions filed in state court, even if the action would not otherwise be removable under the court's original jurisdiction:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. The defendant bears the burden of establishing his right to removal under this statute. *See Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86–87 (5th Cir. 1982).  Moreover, the notice of removal must be examined promptly by the court and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The procedural requirements for removing a state court criminal proceeding to federal district court are found in Title 28 U.S.C. § 1455.  It requires the removing party to file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a).  The notice of removal of a criminal prosecution must include "all grounds for such removal."  *Id.* § 1455(b)(2).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1455(b)(4).

2

Here, Defendant's amended notice of removal does not comply with § 1455(a) because it does not include "a copy of all process, pleadings and orders served upon such defendant or defendants in such action." It also does not comply with § 1455(b)(2) because it fails to provide proper grounds for removal. Although Defendant asserts that he is removing his state court criminal cases to federal court "due to a conflict that arises under the written constitution for a violation of civilian due process protections," this is not a recognized ground for removal of state criminal prosecutions. "Only a very small class of criminal cases are removable to federal court: (1) actions against federal law enforcement officers or officials for acts taken in performance of their official duties; (2) prosecutions of members of the armed forces; (3) prosecutions against officials for acts or refusals to act under civil rights statutes; and (4) suits '[a]gainst any person who is denied or cannot enforce' in the state courts 'a right under any law providing for the equal civil rights of citizens of the United States.' " *Mnuk v. Texas*, No. A-14-CA-1128-SS, 2015 WL 4395376, at *1 (W.D. Tex. July 16, 2015) (citing 28 U.S.C. §§ 1442, 1442a, 1443). Defendant does not allege that he is a federal officer, a member of the armed forces, or an official enforcing a civil rights statute. *See* 28 U.S.C. §§ 1442, 1442a, 1443. He also does not allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights).

Because it clearly appears on the face of Defendant's amended notice of removal that removal should not be permitted, a summary remand of these criminal cases should be ordered.

### III. SANCTIONS

Defendant is currently subject to a sanctions order imposed in the Northern District of Texas in *Hill v. United States, et al.*, No. 4:17-CV-315-A (N.D. Tex. April 18, 2017) (listing sanction warnings and sanctions for frivolous and malicious filings in prior cases) (Sanctions Order). The Sanctions Order prohibited him from seeking *in forma pauperis* status in an attempt to initiate an action in this court at any time within five years from the date of the order (April 18, 2017), required him to pay $300.00 to the clerk of court as a penalty for his frivolous filings, and directed the clerk of court not accept any further filings, whether on an *in forma pauperis* basis or otherwise, without proof that he had paid the $300.00. *Id.* Notwithstanding the Sanctions Order, Defendant initiated a prior action by attempting to remove an unidentified state case from the 195th District Court of Dallas County, Texas, to this court, and attempting to proceed *in forma pauperis*. *See State of Texas v. Hill,* No. 3:17-CV-2707-M (N.D. Tex.) (Prior Action), docs. 3, 7. Because he had not shown that he had paid the $300.00 sanctions, that Prior Action was closed based on the Sanctions Order on October 27, 2017. (*See id.,* doc. 8.)

On May 21, 2020, the $300.00 sanction was paid. (*See* Receipt no. DS124173.) On May 27, 2020, Defendant filed another *Notice of Removal to United States District Court* in the Prior Action. (*See id.,* doc. 10). In addition to the original state action that he had initially sought to remove from the 195th District Court, the notice appeared to also purport to remove an action from the 153rd District Court of Dallas County. *Id.* He did not pay the applicable filing fee, and the purported notice of removal failed to comply with the statutory requirements for removal. (*See* doc. 10.)

Based on the payment of the sanction, the Prior Action was reopened, and this new case was opened for the action in the 153rd District Court of Dallas County. (*See id.,* doc. 11.) By order dated May 29, 2020, Defendant was reminded of the terms of the Sanctions Order, and he was

4

ordered to pay the full filing fee for each case, and to file an amended notice of removal in each case that complied with the statutory requirements and the Local Civil Rules within seven days of the date of that order. (*See id.*) Defendant failed to comply with that order, although he filed a *Notice of Correction-Error on Court Heading Number* in this new case on June 4, 2020, stating that the purported removal from the 153rd District Court was the result of a typographical error, and that he was only seeking to remove the action from the 195th District Court. *See* No. 3:20-CV-1391-M (N.D. Tex.), doc. 5. Because he did not file copies of any of the documents in the state court cases which he sought to remove, the Court could not determine where the state cases were originally filed.

Because the docket did not reflect that Defendant had complied with the May 29, 2020 order by paying the full filing fee, this case was ordered administratively closed under the terms of the Sanctions Order on June 8, 2020. (*See* doc. 6.) Subsequently, the Clerk of Court docketed confirmation of payment of the full filing fee for this case by receipt number DS124500, and the case was reopened. (*See* doc. 7.) The order reopening this case provided a final warning that the plaintiff's *Notice of Removal to United States District Court*, filed May 27, 2020, did not comply with the statutory requirements for the removal of actions or with the required form of documents to be filed upon removal that are set out in the Local Rules for the Northern District of Texas. It stated:

> This is his final opportunity to cure the deficiencies in his filing, and he is hereby **WARNED** that if he does not comply with this order and/or persists in filing frivolous and malicious actions, this case may be dismissed, and additional sanctions may be imposed. These sanctions include additional monetary penalties and a bar on filing *any* additional lawsuits in this district, whether originally filed in, removed, or transferred to this district, unless he first obtains leave of court and pays the applicable filing fee.

(doc. 11 at 3.)  On June 16, 2020, Defendant filed two separate amended notices of removal but did not attempt to address the deficiencies in his filing despite the Court's orders.  (*See* docs. 13, 16.)

Courts observe and enforce their own sanctions orders.  *Sabedra v. Meadows*, No. 3:05-CV-1304-L, 2006 WL 1499985, at *1 (N.D. Tex. May 5, 2006), *accepted by* 2006 WL 1571669 (N.D. Tex. May 31, 2006).  Despite warnings and the imposition of sanctions, including a monetary fine and a bar on proceeding *in forma pauperis*, Defendant continues to file frivolous and malicious actions in this district.  He also repeatedly disregarded the statutory requirements for removal of actions and court orders to address deficiencies in his filings.  Additional sanctions are therefore warranted in the form of a bar on filing *any* additional lawsuits in this district unless he first obtains leave of court and pays the applicable filing fee.

## IV.  RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the 195th District Court of Dallas County, Texas, for further proceedings.

Additional sanctions should also be imposed on Defendant, and he should be **BARRED** from filing *any* future lawsuits to the Northern District of Texas unless he first obtains leave of court from a district judge or magistrate judge through a proper motion for leave to file and pays the applicable filing fee.  A proper motion for leave to file an action should be titled as a "Motion for Leave of Court to File Action" and must be accompanied by a copy of Defendant's proposed filing containing his original signature or that of his attorney and the applicable filing fee.  Any future action submitted by Defendant for filing, either directly or indirectly by transfer, that is not accompanied by a proper motion for leave to file and the applicable filing fee should be docketed for administrative purposes only, and the case should be closed after placing a copy of the judgment in

this case in the case file without further order of the Court. Filings, other than a proper motion for leave or a notice of appeal, that are unaccompanied by a proper motion for leave to file and the applicable filing fee should not otherwise be addressed or acknowledged by the Court.

**SO RECOMMENDED this 19th day of June, 2020.**

 _/s/ Irma Carrillo Ramirez_
 IRMA CARRILLO RAMIREZ
 UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 _/s/ Irma Carrillo Ramirez_
 IRMA CARRILLO RAMIREZ
 UNITED STATES MAGISTRATE JUDGE