IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>    Plaintiff,<br>vs.<br><br>LAWRENCE HILL,<br>    Defendant. | )<br>)<br>)   No. 3:20-CV-1391-M-BH<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Your claimant's notice of appeal/removal,trial de novo*, received July 23, 2020 (docs. 41). To the extent that the filing seeks relief from the judgment entered on July 13, 2020 (doc. 35), it should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), and based on the relevant filings and applicable law, it should be **DENIED**.

**I. BACKGROUND**

On May 29, 2020, Lawrence Hill (Defendant) filed a notice of removal purporting to remove four state criminal cases to the United States District Court for the Northern District of Texas, Dallas Division. (doc. 3.) After being notified of the deficiencies of his notice of removal, he filed an amended notice of removal on June 16, 2020, alleging that he sought to remove criminal actions from the 195th District Court of Dallas County, Texas. *See State of Texas v. Hill,* Nos. F1514841N, F1500455N, F1500456N, F1500732N. (doc. 16 at 1.) On June 19, 2020, it was recommended that this case be *sua sponte* remanded to the state court, and that additional sanctions be imposed on Defendant for continuing to file frivolous and malicious actions in this district. (*See* doc. 18.)[2] The

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Because of prior frivolous and malicious filings in other cases is this district, Defendant is currently subject to a sanctions order imposed in the Northern District of Texas in *Hill v. United States, et al.*, No. 4:17-CV-315-A (N.D. Tex. April 18, 2017) (listing sanction warnings and sanctions for frivolous and malicious filings in prior cases) (Sanctions Order).

recommendation was accepted, and the case was remanded to the state court by judgment entered on July 13, 2020. (*See* doc. 35.) Additional sanctions were imposed on Defendant in the form of a bar on filing *any* future lawsuits to the Northern District of Texas unless he first obtained leave of court through a proper motion for leave to file and paid the applicable filing fee. (*See id.*)

On July 15, 2020, Defendant mailed a motion seeking leave to file a document that appears to be titled as a "notice of appeal/removal, trial de novo," and the motion was granted. (*See* docs. 38, 39, 40.) The document states that "this case is now appealed or removed or both, that this court has absolutely no jurisdiction for any judgment in this cause." (doc. 40 at 2-3.)

## II. MOTION FOR ALTER OR AMEND

To the extent that the reference to "trial de novo" and claim that the court has no jurisdiction to enter a judgment in Defendant's filing may be construed as a challenge to the July 13, 2020 judgment, it arises under Fed. R. Civ. P. 59(e) because was filed within 28 days of the entry of judgment. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s 28-day time limit.").[3]

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*

---

[3]*See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

2

*v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id*. at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Defendant's filing fails to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. Because he has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case, his motion should be denied.

### III.  RECOMMENDATION

Any motion to alter or amend the judgment under Rule 59(e) should be **DENIED**.

**SO RECOMMENDED this 27th day of July, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4